IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :  Case No.: 7:09-CR-22 (WLS) |
| SOLOMON B. KERSEY, | : |
| | : |
| Defendant. | : |

**<u>ORDER</u>**

Previously, on August 18, 2022, the Court ordered a mental health evaluation of Defendant Kersey. (Doc. 62). In that Order, the Court required a psychiatric or psychological report of Defendant to be filed with the Court and those copies of the report to be provided to Government and Defendant's counsel once it became available. (*Id.* at 2).

Subsequently, Government filed a "Joint Motion to Continue Final Revocation Hearing" (Doc. 64) to request the Court to continue Defendant's revocation hearing because the evaluation of Defendant had not been completed yet, and no report had been provided to counsel. (Doc. 64, at 2). The Court granted the Motion. (Doc. 65).

Thereafter, pursuant to this Court's Order (Doc. 62), a forensic psychologist from the Federal Medical Center sent a letter to the Court, stating that Defendant had arrived at the facility on September 13, 2022. The psychologist explained that Defendant's evaluation period is expected to end no later than October 20, 2022, and the report is expected to be submitted to the Court on November 16, 2022. (*Id.*)

On December 7, 2022, the Court received a memorandum from a Special Offender Specialist regarding the status of Defendant's mental health evaluation. Therein, the Specialist explained that Defendant was recently returned to the Middle District of Georgia but that the report on his mental health has not been received yet. This is because the psychologist in charge of conducting Defendant's evaluation has been having health complications for the last few months. The Specialist further explained that due to psychologist's health issues, it seems unlikely that the Court will receive the completed report until sometime next year.

1

According to the memorandum, the alleged violations are Grade C violations. Defendant also has a Criminal History Category I. (Doc. 50). Thus, the guideline range of imprisonment would be three (3) to nine (9) months. The statutory maximum imprisonment upon revocation for his original offense, a Class C felony, is 24 months. So far, Defendant has been in custody for five (5) months.

In the memorandum, the Specialist also noted that Defendant saw a mental health provider on November 11, 2022, but the provider did not order any medications. Moreover, Defendant is not interested in taking medications, so he has been assisted with psychotherapy only. In the end, the Specialist recommends that the Court wait on the receipt of Defendant's mental health report before proceeding in this case, even though doing so would mean that Defendant may be incarcerated longer than nine months, which is the top of the guideline range.

The Court concurs with the recommendation. But in doing so, the Parties are **ORDERED** to confer and then inform the Court of their view, within **seven (7) days** of entry of this Order, specifically about their advisement or recommendation to the Court on how Parties should or plan to proceed in this matter, given the current information and status of Defendant Kersey.

**SO ORDERED**, this  9th  day of December 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**