IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:09-CR-22 (WLS) |
| SOLOMON B. KERSEY, | : |
| | : |
| Defendant. | : |
| | : |

### ORDER

Presently before the Court is Government's "Joint Response to Order Regarding Status of Evaluation," filed on December 16, 2022. (Doc. 69). Therein, Parties contend that the matter should be continued until a full mental health report of Defendant Kersey has been received and considered. (*Id.* at 1). Parties explain that a full evaluation of the Defendant is necessary to determine his level of responsibility at the time of the alleged violation and to determine whether the Defendant may adequately assist in his defense of the allegation. (*Id.*) Parties further note that the Defendant's mental health are "sufficiently important" such that the "interests of justice, including Defendant's own interests, can only be addressed after the mental health report is received and reviewed." (*Id.* at 2). Therefore, "regardless of the possibility that the advisory sentencing guideline range might be exceeded," the Parties request that the matter be continued until after the mental health report is received. (*Id.*)

Previously, on December 7, 2022, the Court received a memorandum from a Special Offender Specialist regarding the status of Defendant's mental health evaluation. Therein, the Specialist explained that although Defendant had returned to the Middle District of Georgia, Defendant's mental health report had not been received. This is because the psychologist in charge of conducting Defendant's evaluation has been having health complications for the last few months. The Specialist further explained that due to psychologist's health issues, it seems unlikely that the Court will receive the completed report until sometime next year.

According to that memorandum, the alleged violations are Grade C violations. Defendant also has a Criminal History Category I. (Doc. 50). Thus, the guideline range of

imprisonment would be three (3) to nine (9) months. The statutory maximum imprisonment upon revocation for his original offense, a Class C felony, is 24 months. So far, Defendant has been in custody for five (5) months. Ultimately, the Specialist also recommended that the Court wait on the receipt of Defendant's mental health report before proceeding in this case, even though doing so would mean that Defendant may be incarcerated longer than nine months, which is the top of the guideline range.

For good cause shown, Government's Joint Response to Order Regarding Status of Evaluation (Doc. 69) is **GRANTED**. The Court finds the circumstances, as represented to the Court, require this matter to be continued pending the receipt of a full, psychological report as previously ordered by the Court. (Doc. 62). Thus, the matter will be continued for consideration until after the mental health report is received. Furthermore, the Parties are **ORDERED** to confer immediately once the report becomes available and notify the Court within **seven (7) days** of receiving the report regarding how much time the Parties may need to adequately review it and to prepare for a hearing on remaining issues.

**SO ORDERED**, this  20th  day of December 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**