IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 7:09-CR-22-WLS-TQL-1 |
| SOLOMON B. KERSEY, | : |
| | : |
| Defendant. | : |
| | : |
| | : |

## **ORDER**

     Presently before the Court is a "Motion for Approval to File Interim Voucher in CJA Case" filed by attorney Keith Pflepsen, the appointed attorney for Defendant Solomon Kersey (Doc. 81). Therein, Defense Counsel requests that this Court issue an order authorizing Defense Counsel to file an interim CJA voucher. (*Id.*) Attorney Pflepsen was appointed to this case on July 5, 2022. (Doc. 53).

     Previously, Defendant Kersey pled guilty to Count One of the Indictment, which charged Defendant with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). (Doc. 39). On January 27, 2011, Defendant was sentenced to 151 months of imprisonment, followed by 25 years of supervised release. (*Id.*) Defendant's supervised release commenced on January 4, 2021. (Doc. 41). On July 1, 2022, the Probation Office filed a "Petition for Warrant or Summons for Offender," which contained allegations of several violations of the conditions of supervision as well as descriptions of Defendant's behaviors that led the Probation Officer to believe that Defendant may be suffering from psychological or mental health issues. (Doc. 45).

     On July 5, 2022, Defendant had his initial appearance on the revocation action, and Defendant was also ordered detained pending a final hearing. (Doc. 54). Thereafter, Defendant's revocation hearing on his supervised release was initially set for September of 2022.

On August 11, 2022, the Government filed a consent motion for examination on Defendant because Defendant appeared to be suffering from a mental disease or defect that renders him mentally incompetent. (Doc. 61). On August 18, 2022, the Court granted that motion (Doc. 61), and on September 15, 2022, the Court also granted the Parties' joint motion to continue the revocation hearing (Doc. 65).

Since August of 2022, Defendant had been committed to the Attorney General two times to obtain a psychological evaluation due to the fact that the first psychologist had health issues. (Doc. 74). Thereafter, after a competency hearing on April 18, 2023, Defendant was committed to the Attorney General once more to determine whether his competency can be restored. (Doc. 80). In filing the instant Motion for Approval to File Interim Voucher in CJA Case, Attorney Pflepsen notes that these circumstances have posed unique and challenging delays to the supervised release case, which is normally not a lengthy process. (Doc. 81). Additionally, Attorney Pflepsen states that undertaking representation of Defendant full-time for such a period without compensation will be a "hardship" on him. (*Id.*)

Although compensation is typically applied for and provided at the conclusion of a case, "the presiding trial judge may arrange for periodic or interim payments to counsel" where it is deemed necessary. *Id.* § 230.73.10. Counsel appointed in non-capital federal criminal cases may be paid a maximum hourly rate of $158 for the year 2022, and $164 for the year 2023.  CJA Guidelines & Forms, Guidelines for Administering the CJA and Related Statutes, *Ch. 2: Appointment and Payment of Counsel* § 230.16(A), *available at*: http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-230-compensation-and-expenses#a230_23.  The maximum case compensation for fees for a federal felony case was $12,300 in the year of 2022, and $12,800 for the year of 2023, unless a greater amount is approved by the Chief Circuit Judge.  *Id.* §§ 230.23.20(a); 230.23.30(a).

To receive payment, Defense Counsel **SHALL** submit an interim Form CJA 20 voucher detailing all compensation claimed and reimbursable expenses incurred to date in this action, which shall be supported by a detailed and itemized time and expense statement in accordance with the Guidelines for Administering the CJA and Related Statutes.

After reviewing the interim voucher, the Court will authorize compensation for eighty (80) percent of the approved number of hours and payment for all reimbursable expenses reasonably incurred.  At the conclusion of the representation, Defense Counsel shall submit a final voucher seeking payment of the twenty (20) percent balance withheld from the interim voucher and payment for representation provided during the final interim period, setting forth in detail the time and expenses claimed for the entire case and containing appropriate documentation.  If any voucher exceeds the case compensation statutory limits, the Court will, if appropriate, submit it to the chief judge of this circuit or his or her delegate for review and approval.

Accordingly, Defense Counsel's Motion for Approval to File an Interim Voucher (Doc. 81) is **GRANTED** to the extent that the Court will accept and review Defense Counsel's interim voucher.  The Court will make a determination regarding interim payment after reviewing the voucher.

**SO ORDERED**, this   27th   day of April, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**