IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:09-CR-22 (WLS-ALS) |
| SOLOMON B. KERSEY, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Previously, the Court committed Defendant Solomon Kersey to the custody of the Attorney General until his mental condition improved after a forensic psychologist found him to be suffering from a mental disease or defect that rendered him mentally incompetent. (Doc. 86). The Court instructed Defendant's treating physicians to submit to the Court a report on Defendant's progress every six months. On June 6, 2025, officials at the Federal Medical Center in Butner, North Carolina ("FMC Butner") provided the Court with another Forensic Evaluation ("the Evaluation") pursuant to the Court's previous Orders (Docs. 86 & 94). The Evaluation indicates that Defendant Kersey is now competent to stand trial in the revocation proceedings against him.

Under 18 U.S.C. § 4241(a), the Court shall hold a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The Court "must conduct a competency hearing when there is a 'bona fide doubt' regarding the defendant's competence." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (quoting *Pate v. Robinson*, 383 U.S. 375, 385 (1966)). Based on the Court's review of the recent Evaluation, it does not appear that a hearing on Defendant's competency is necessary or warranted, given the absence of a "bona fide doubt" regarding Defendant's competence to proceed.

Notwithstanding this, Counsel are **ORDERED** to confer and inform the Court, **in writing**, of the Parties' views regarding the appropriate action at this time and whether they

1

believe a competency hearing is needed in this matter within fourteen (14) days of the entry of this Order, or **by no later than Tuesday, July 8, 2025**.

Additionally, the Clerk is **DIRECTED** to file the June 6, 2025 Evaluation on the Record **UNDER SEAL** and provide Counsel for the Parties with a copy of the same. The Clerk is also **INSTRUCTED** to serve a certified copy of the instant Order on the United States Marshal for the Middle District of Georgia so that Defendant Kersey may be returned to this district for future proceedings. Said Evaluation report shall also be made available to the United States Probation Office upon request.

**SO ORDERED**, this 24th day of June 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**